UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANDREW B. LEWIS — CIVIL ACTION

VERSUS

NICHOLAS LOCICERO, ET AL. — NO.: 15-00129-BAJ-SCR

RULING AND ORDER

Before the Court is a **Motion to Dismiss for Failure to State a Viable Claim (Doc. 6)**, filed by Defendants Joseph Derek Lockhart ("Lockhart") and Greystone Golf, LLC ("Greystone Golf") (collectively, "Defendants"). Defendants seek an order from this Court pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), dismissing Plaintiff Andrew B. Lewis's ("Plaintiff") claims for failure to state a claim upon which relief can be granted. An opposition was filed by Plaintiff, (Doc. 12), and a reply was filed by Defendants, (Doc. 17). The Court ordered supplemental briefing, which were filed by Plaintiff on January 29, 2016, (Doc. 24), and by Defendant on February 1, 2016, (Doc. 25). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Oral argument is not necessary. For the reasons assigned, the **Motion to Dismiss for Failure to State a Viable Claim (Doc. 6)** is **GRANTED.**

## I. BACKGROUND

Plaintiff filed the instant action on March 6, 2015, against Nicholas Locicero ("Deputy Locicero"), individually and officially as a Deputy of Livingston Parish; Sheriff Jason Ard ("Sheriff Ard"), individually and officially as Sheriff of Livingston Parish; Lockhart; and Greystone Golf. Plaintiff brings this action against Lockhart

and Greystone Golf pursuant to 42 U.S.C. §§ 1983 and 1988, Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*., and La. R.S. 23:301, *et seq*.[1] Plaintiff also brings this action against Deputy Locicero and Sheriff Ard pursuant to 42 U.S.C. §§ 1983 and 1988, Article 1, § 2 and § 3 of the Louisiana Constitution, and La. Civ. Code Art. 2315, *et seq*.

This action arises out of the arrest of Plaintiff on March 7, 2014, by Deputy Locicero for possession of a scheduled drug. (Doc. 1 ¶23). On the evening of March 6, 2014, Plaintiff alleges that he stopped at Walmart to purchase supplies for his home. (*Id*. at ¶16). After stopping at Walmart, Plaintiff alleges that he fell asleep in his truck in the Walmart parking lot and was later confronted by Deputy Locicero at approximately 1:12 a.m. on March 7, 2014. (*Id*. at ¶17). Plaintiff alleges that Deputy Locicero searched his truck without reasonable cause and found three Concerta[2] pills. (*Id*. at ¶20). As a result, Plaintiff alleges that Deputy Locicero arrested him for possession of a scheduled drug. (*Id*. at ¶23). [3]

---

[1] On June 4, 2015, Plaintiff filed an Amended Complaint (Doc. 8) that added a cause of action under La. R.S. 23:301, *et seq*., for disability discrimination in employment.

[2] According to the prescription drug company's website, "CONCERTA® is a prescription product approved for the treatment of attention deficit hyperactivity disorder (ADHD) as part of a total treatment program that may include counseling or other therapies." Concerta, http://www.concerta.net/ (last visited Nov. 13, 2015).

[3] Plaintiff alleges that he was in legal possession of the Concerta pills pursuant to a valid prescription issued by a licensed medical doctor to treat Plaintiff's diagnosed condition of Attention Deficit Disorder ("ADD"). (Doc. 1 at ¶¶20-22). However, Plaintiff alleges that he did not have a copy of the prescription or the prescription bottle in his possession at the time of the search. (*Id*. at ¶20). Ultimately, Plaintiff alleges that the District Attorney dismissed the case against him, but it is unclear whether charges were filed and dismissed, or if the District Attorney refused to file charges against him. (*Id*. at ¶21).

On March 7, 2014, the same morning of Plaintiff's arrest, Plaintiff alleges that he was released on bail and went to work at 6:00 a.m. to supervise a "demo sale" for his employer, Greystone Golf. (*Id.* at ¶28). Following his release, Plaintiff alleges that Sheriff Ard and Deputy Locicero attempted to convince Lockhart, Plaintiff's supervisor, to fire Plaintiff because he is a drug dealer. (*Id.* at ¶29). Plaintiff alleges that Lockhart and Sheriff Ard are longtime friends, and that Lockhart joined Sheriff Ard and Deputy Locicero to spread rumors around the Livingston Parish community about Plaintiff being a drug dealer. (Doc. 8 at ¶29(A)).[4]

Furthermore, Plaintiff alleges that on March 11, 2014, Lockhart told him, in the presence of another employee, that he was being suspended because he was a "drug dealer" who was caught "selling drugs." (*Id.* at ¶30(A)). Plaintiff alleges that Lockhart made similar statements to other employees of Greystone Golf, as well as to members of Greystone Golf and Country Club. (*Id.* at ¶¶30(B) and (C)). Plaintiff alleges that Lockhart made the statements to help his longtime friend, Sheriff Ard, convict Plaintiff of a crime he did not commit. (*Id.* at ¶30(A)).

In addition to the above allegations, Plaintiff also alleges that Lockhart and Greystone Golf suspended and/or fired him from his job because he took prescription medication for his ADD or other unspecified conditions. (Doc. 1 at ¶37). Plaintiff alleges that Defendants treated him differently from other employees because they perceived him to be suffering from a disability. (*Id.*; Doc. 8 at ¶37(A)). Plaintiff further

[4] Plaintiff's Amended Complaint (Doc. 8) was filed on June 4, 2015, which was fourteen days after the instant Motion to Dismiss (Doc. 6) was filed on May 21, 2015. In the Amended Complaint, Plaintiff adds a cause of action under La. R.S. 23:301, et seq. and new factual allegations.

alleges that Lockhart used the authority of the Sheriff's Office to deny him the ability to contract for the use of his labor and to freely travel in Louisiana and the United States. (Doc. 8 at ¶29(C)).

## II. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, a complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555.

Further, the United States Supreme Court has noted that Rule 12(b)(6) requires dismissal whenever a claim is based on an invalid legal theory:

> Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," . . . a claim must be dismissed,

> without regard to whether it is based on an outlandish legal theory, or on a close but ultimately unavailing one.

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (internal citations omitted). When a complaint fails to satisfy these principles, "this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558). Projected

## III. DISCUSSION

### A. 42 U.S.C. § 1983 Claim

Defendants argue that Plaintiff fails to plead facts to support his allegation that Lockhart and Greystone Golf, as private actors, were acting under state law. (Doc. 6 at p. 4). Title 42 U.S.C. § 1983 imposes liability on every person acting under color of state law that deprives another of rights or privileges secured by the Constitution or the laws of the United States. "To act under color of state law for § 1983 purposes does not require, however, that the defendant be an officer of the state." *Earnest v. Lowentritt*, 690 F.2d 1198, 1200 (5th Cir. 1982). A private actor can be held liable under § 1983 "if the individual is a 'willful participant in joint action with the State or its agents.'" *Id.* (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)).

Here, Plaintiff alleges that Lockhart and Greystone Golf, a private individual and a private entity, are liable under § 1983 for acting under color of state law to deprive Plaintiff of his constitutional right to liberty and his right to his own reputation and economic well-being. (Doc. 1 ¶34; Doc. 8 ¶29(B) and (C); Doc. 24 at p.

9). For Defendants to be held liable under § 1983, the Court must determine if Plaintiff alleges sufficient facts to create an inference that Defendants' private actions are attributable to the State.

To determine whether a private actor's conduct is attributable to the State, courts in the Fifth Circuit apply one or more of the following tests: (1) nexus or joint action test; (2) public function test; and (3) state coercion or compulsion test. *See, e.g., Chaney v. Races & Aces*, 590 F. App'x 327, 329-30 (5th Cir. 2014) (applying nexus test to find plaintiff did not allege a conspiracy between state actors and a private entity for purposes of § 1983 liability); *Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 460-61 (5th Cir. 2003) (applying the public function test to find state action in a § 1983 claim against a private prison-management corporation); *United States v. Causey*, 185 F.3d 407, 415 (5th Cir. 1999) (applying the nexus test to find a nexus between a state official's abuse of power and his private criminal conduct); *Harmon v. Louisiana*, No. CIV.A. 14-1403, 2014 WL 6390167, at *4-5 (E.D. La. Nov. 14, 2014) (finding plaintiff did not allege coercion through state power to deem the private defendants' actions to have been that of the state).

Under the nexus or joint action test, "[a] non-state actor may be liable under [§] 1983 if the private citizen was a willful participant in joint activity with the State or its Agents' and the plaintiff alleges that there was '(1) an agreement between private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights." *Agoh v. Hyatt Corp.*, 992 F. Supp. 2d 722, 741-42 (S.D. Tex. 2014) (quoting *Priester v. Lowndes Cty.*, 354 F.3d 414, 420 (5th Cir. 2004)) (internal

quotation marks omitted). The public function test attributes state action when a private entity "performs a function which is traditionally the exclusive province of the state." *Rosborough*, 350 F.3d at 460-61 (quoting *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989)) (internal quotation marks omitted). Finally, under the coercion or compulsion test a state "can be held responsible for a private decision [ ] when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 242 (5th Cir. 1999).

After applying each of the tests to the Complaint and the Amended Complaint (collectively "Complaint"), the Court finds that Plaintiff cannot succeed under any of the three test. Plaintiff does not succeed under the nexus or joint action test because Plaintiff only advances a single conclusory allegation that Lockhart conspired with Sheriff Ard to deny him his constitutional right to liberty. It is well settled that allegations of a conspiracy between private and state actors requires more than conclusory statements, but requires "further factual enhancement" to render the claim plausible. *Twombly*, 550 U.S. at 557; *Priester*, 354 F.3d at 423. Plaintiff's conspiracy allegation is only supported by the allegation that Lockhart and Sheriff Ard are longtime friends, which is insufficient to support a conspiracy that satisfies the nexus or joint action test. *See, e.g., Lumpkins v. Office of Cmty. Dev.*, No. 14-31216, 2015 WL 4317700, at *3 (5th Cir. July 16, 2015) (concluding that allegations of friendship are not enough to support a conspiracy claim under § 1983); *McGowen v. Livingston*, No. CIV.A. H-09-3870, 2012 WL 2366294, at *9 (S.D. Tex. June 20,

2012) (dismissing the plaintiff's § 1983 conspiracy claims that were based on the friendship between defendants); *Kadri v. Haro*, No. CIV.A. 105CV167C, 2006 WL 3359426, at *7 (N.D. Tex. Nov. 20, 2006) (finding the plaintiff's allegation of a close friendship was conclusory and insufficient to support a conspiracy allegation).

Plaintiff also fails to satisfy the public function test because he does not allege that Lockhart and Greystone Golf performed a function that is traditionally the exclusive province of the State. *See Rosborough*, 350 F.3d at 460-61 (5th Cir. 2003) (holding that a private correctional facility is a state actor for § 1983 purposes because it performs a function that is traditionally the exclusive province of the state). Plaintiff argues that Lockhart and Greystone Golf engaged in the public function of prosecution by spreading rumors, but this argument is conclusory and Plaintiff does not provide adequate legal support for his position. Additionally, spreading rumors does not constitute *performing* the traditional state function of prosecution. Performing the state function of prosecution entails making such decisions as "whether to prosecute, what targets of prosecution to select, what investigative powers to utilize, what sanctions to seek, plea bargains to strike or immunities to grant." *Faulder v. Johnson*, 81 F.3d 515, 517 (5th Cir. 1996) (citing *East v. Scott*, 55 F.3d 996 (5th Cir. 1995)) (discussing the duties that are indicative of controlling the prosecution).

Finally, under the coercion test, the Court finds that Plaintiff alleges sufficient facts to infer that the State significantly encouraged Lockhart and Greystone Golf to spread rumors and false statements, but does not allege facts to state a viable § 1983

claim. (See Doc. 1 at ¶¶234, 36; Doc. 8 at ¶29(A)). Since such conduct is not actionable under § 1983, the Court will not construe the actions of Lockhart and Greystone Golf as state action.

In *Paul v. Davis*, 424 U.S. 693 (1976), the United States Supreme Court held that injury to a person's reputation alone does not create a constitutional violation. Since *Paul*, the Fifth Circuit has consistently applied the "stigma-plus-infringement" test to § 1983 claimants alleging a violation to reputation. *Tebo v. Tebo*, 550 F.3d 492, 503 (5th Cir. 2008); *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697 (5th Cir. 1991). To satisfy the "stigma" part of the test, "a claimant must 'prove that the stigma was caused by a false communication.'" *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 701–02 (5th Cir. 1991) (quoting *Codd v. Velger*, 429 U.S. 624 (1977)). To satisfy the "infringement" part of the test, a claimant must "establish that the state sought to remove or significantly alter a life, liberty, or property interest recognized and protected by state law or guaranteed by one of the provisions of the Bill of Rights that has been 'incorporated.'" *Id.* (citing *Paul*, 424 U.S. at 710–11 & n. 5).

Here, Plaintiff fails to satisfy the second portion of the test, which requires Plaintiff to allege that he was deprived of an interest secured by state law or the Bill of Rights. At most, Plaintiff alleges that he lost his employment with Greystone Golf and lost future employment opportunities; however, Plaintiff does not possess a tangible or property interest in either one. Property interest "are created . . . by existing rules or understandings that stem from an independent source such as state law." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). Under

Louisiana state law, Plaintiff did not have a property interest in his continued employment with Greystone Golf because he was a non-public, at-will employee. La. Civ. Code art. 2024; *cf. Griffith v. Louisiana*, 808 F. Supp. 2d 926, 941 (E.D. La. 2011) (clarifying that a state employee did not have a property interest in her employment because she was not a permanent classified employee under the Louisiana Civil Service system). Additionally, Plaintiff similarly does not have a tangible interest in loss of future employment opportunities as it is not a recognized interest. *See Thinkstream, Inc. v. Adams*, 251 F. App'x 282, 284 (5th Cir. 2007) ("[L]oss of future employment opportunities does not typically qualify as the kind of 'tangible interest' that *Paul* contemplated.").

Accordingly, the Court finds that Plaintiff has not satisfied any of the three prescribed test to attribute Lockhart and Greystone Golf's actions to the State for the purposes of alleging a §1983 action. Therefore, Plaintiff's §1983 claims against Lockhart and Greystone Golf are dismissed for failure to state a claim for which relief can be granted.

**B. ADA Claim**

The ADA makes it unlawful to discriminate in employment against a qualified individual with a disability. Before asserting a claim under the ADA, a plaintiff must exhaust administrative remedies. *Leaumont v. City of Alexandria*, 582 F. App'x 407, 410 (5th Cir. 2014); *Ramirez v. City of San Antonio*, 312 F.3d 178 (5th Cir. 2002). "Exhaustion [of administrative remedies] occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books*

*A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996)) (alteration added).

Here, Plaintiff admits that he did not "present his claim of discrimination based on disability to the EEOC." (Doc. 12 at 5). Based on Plaintiff's admission, the Court finds that Plaintiff did not exhaust administrative remedies by filing a charge of discrimination with the EEOC and receiving a right to sue letter. As such, Plaintiff's claims under the ADA are dismissed for failure to state a claim for which relief can be granted.

**C. State Law Claims**

Plaintiff brought state law claims against Lockhart and Greystone Golf for employment discrimination under the Louisiana Employment Discrimination Law, La. R.S. 23:301, *et seq.*,[5] and defamation, La. R.S. 14:47. (Docs. 1 and 8). In bringing the aforementioned claims, Plaintiff sought to invoke the supplemental jurisdiction of this Court under 28 U.S.C. § 1367.

A district court may decline to exercise supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons

[5] The Court notes that Plaintiff amended his Complaint to add a claim under the Louisiana Employment Discrimination statute, La. R.S. 23:301, *et seq.*, as an alternative to his claim under the ADA. However, the addition of La. R.S. 23:301, *et seq.*, only creates a possible remedy under state law, it does not confer the requisite jurisdiction of this Court to adjudicate Plaintiff's state law claims.

for declining jurisdiction." 28 U.S.C. § 1367(c); *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 201 (5th Cir. 2015). Where all federal claims have been dismissed, there is "a powerful reason to choose not to continue to exercise jurisdiction." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988).

Since the Court has determined that Plaintiff's federal law claims against Defendants under § 1983 and ADA shall be dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's pendent state law claims against Lockhart and Greystone Golf.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants Joseph Derek Lockhart and Greystone Golf, LLC's **Motion to Dismiss for Failure to State a Viable Claim (Doc. 6)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's 42 U.S.C. § 1983 claim and Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, claim against Defendants Joseph Derek Lockhart and Greystone Golf, LLC are **DISMISSED WITH PREJUDICE**. This Court declines jurisdiction over any pendent state law claims, and those claims are **DISMISSED WITHOUT PREJUDICE**.

Baton Rouge, Louisiana, this 29th day of February, 2016.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**



JURY