UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| ANDREW B. LEWIS | CIVIL ACTION |
|---|---|
| VERSUS | |
| NICHOLAS LOCICERO, ET AL. | NO: 15-00129-BAJ-EWD |

## RULING AND ORDER

Before the Court is the **Position Paper (Doc. 75)** filed by Plaintiff Andrew B. Lewis and the **Position Paper Regarding Damages Recoverable for Plaintiff's Arrest (Doc. 76)** filed by Defendants, Sheriff Jason Ard and Deputy Nicolas LoCicero. The position papers were submitted in accordance with the Court's instructions at the pretrial conference (Doc. 74) and addresses the Court's Ruling on the Motion for Summary Judgment. (Doc. 68). Specifically, the issue is whether, in a civil action, a plaintiff who was subjected to an unlawful search, which led to a lawful arrest, may recover damages resulting from that arrest. For the following reasons, the Court concludes that, if Plaintiff proves that the search of his vehicle was unlawful, then Plaintiff is only entitled damages sustained as a result of the unlawful search itself, not the arrest.

I. BACKGROUND

On September 7, 2017, the Court issued a ruling on the parties' cross-motions for summary judgment. (Doc. 68). Plaintiff originally asserted, *inter alia*, a claim for false arrest, but the Court dismissed that claim on summary judgment, finding that

1

probable cause existed for the arrest. (*Id.* at pp. 10–12). With respect to Plaintiff's claim for an alleged unlawful search of his vehicle, the Court concluded that disputed issues of fact precluded summary judgment; namely, whether Plaintiff consented to the search and whether Plaintiff appeared intoxicated.[1] (*Id.* at pp. 9–10).

Now, the parties dispute the type of damages Plaintiff may recover if he prevails on his unlawful search claim at trial. (Docs. 75, 76). Plaintiff seeks a ruling from the Court establishing that he is entitled to damages sustained as a result of the alleged unlawful search, as well as damages sustained from being arrested, taken to jail, and charged with a crime, which ultimately led to him losing his job. (Doc. 75 at p. 2). Defendants seek a ruling from the Court precluding Plaintiff from recovering damages for a valid arrest, even if that arrest resulted from an unlawful search. (Doc. 76 at p. 1). Further, Defendants take the position that to allow recovery for damages based on the arrest would equate to applying the exclusionary rule in a civil case. (Doc. 76 at p. 3).

## II. DISCUSSION

Because Plaintiff requests that the Court allow him to produce evidence establishing "that as a result of the unlawful search and seizure, he suffered damages by being [lawfully] arrested," (Doc. 75 at p. 2) in essence, Plaintiff requests that the Court exclude or disregard the lawfulness of the arrest and allow him to recover damages. At bottom, this request equates to applying the exclusionary rule in a civil action when this rule has been restricted for use solely in criminal cases. *See United*

---

[1] The Court notes that Plaintiff's state law defamation claim against Sheriff Ard remains before the Court, as well as his unlawful search claim against Deputy LoCicero. (Doc. 68 at pp. 10, 15).

*States v. Janis*, 428 U.S. 433, 447 (1976); *Wren v. Towe*, 130 F.3d 1154, 1158 (5th Cir. 1997). *See also Townes v. City of New York*, 176 F.3d 138, 149 (2d Cir. 1999) ("The lack of probable cause to stop and search does not vitiate the probable cause to arrest, because (among other reasons) the fruit of the poisonous tree doctrine is not available to assist a § 1983 claimant").

The Court has previously determined that Plaintiff did not suffer a constitutional violation when he was arrested. (Doc. 68 at pp. 10–12). Accordingly, he cannot recover damages for being arrested. While the United States Court of Appeals for the Fifth Circuit has clearly held that the exclusionary rule does not apply in civil cases, it does not appear that the Court has ever directly addressed whether damages may be awarded for a lawful arrest resulting from an unlawful search. However, the Court finds the ruling in *Townes* persuasive. *See Townes, supra*. In *Townes*, the United States Court of Appeals for the Second Circuit addressed a similar § 1983 action. In that case, officers lacked probable cause to search the vehicle; however, probable cause for the arrest was properly established. *Townes*, 176 F.3d at 149. The *Townes* court precluded the plaintiff from recovering damages for the lawful arrest because the basic purpose of § 1983 damages is to compensate persons for injuries caused by the violations to constitutional rights, and there was "a gross disconnect" between the alleged constitutional violations (the unlawful search) and the injury for which plaintiff sought damages (the arrest and incarceration). *Id.* at 147-48.

Thus, if Defendants are found to have violated Plaintiff's right to be free from

3

an unlawful search, Plaintiff's recovery is limited to damages for the unlawful search itself. Therefore, Plaintiff is precluded from recovering damages for the arrest because the alleged constitutional injury (an unlawful search) does not fit the damages sought (compensation for the arrest, jail time, and job loss). The Court finds that allowing Plaintiff to recover damages for the arrest would equate to applying the exclusionary rule in a civil action, which would permit him to recover damages for a constitutional violation he did not suffer.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff is limited to recovering damages for the alleged unlawful search. He may not recover damages resulting from the lawful arrest.

Baton Rouge, Louisiana, this 30th day of November, 2017.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA